## STATE v. KATZ.
### No. 4461.

Circuit Court of Criminal Appeal, Dade County.

November 12, 1957.

George A. Brautigam, Miami, for appellant.

Richard E. Gerstein, State Attorney, and George Eadie Orr, Ass't. State Attorney, for the state.

Before JOHN J. KEHOE, Presiding Judge, WILLIAM A. HERIN and HAROLD R. VANN, Circuit Judges.

An information was filed against Harry Katz and Isadore Beck charging them with the offense of bookmaking. Beck filed a motion with the trial court to suppress the evidence seized, and obtained by the arresting officers, on the grounds that the arrest, search and seizure was illegal, that the arresting officers forcibly entered the private premises of Beck.

The court below, after hearing the motion to suppress filed by both defendants, entered an order suppressing the evidence as to the defendant Beck only, and in its order stated — "The entry by the arresting officers of the premises of defendant Beck was unlawful in the absence of a search warrant, and that all evidence secured as a result of the entry, search and seizure is void as to the aforesaid defendant, but that inasmuch as the defendant Katz had no proprietary interest in the premises and was a mere visitor, none of the defendant Katz' rights were violated by the aforesaid entry, search and seizure."

It is difficult for this court to comprehend how evidence will be suppressed against one person accused of crime because of an illegal entry, search and seizure, and then to have that same evidence to be used as a basis for convicting another person then and there present at the time of the alleged illegal entry, search and seizure.

It therefore follows that if the evidence was illegally obtained, it was inadmissible for any purpose.

It is therefore ordered and adjudged that the judgment of conviction appealed from by the appellant, Harry Katz, be and the same is hereby reversed and set aside.